IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JUSTINE GUERRA,

        Plaintiff,

      v.                             Civil Action No.
                                    8:13-CV-1215 (DEP)

CAROLYN COLVIN, Commissioner of Social
 Security,

        Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

SCHNEIDER LAW FIRM         MARK A. SCHNEIDER, ESQ.
57 Court Street
Plattsburgh, New York 12901

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     LAUREN E. MYERS, ESQ.
United States Attorney           Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]   Oral argument was heard in connection with those motions on December 12, 2014, during a telephone conference conducted on the record.   At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1)      Defendant's motion for judgment on the pleadings is

GRANTED.

2)      The Commissioner's determination that the plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

Social Security Act, is AFFIRMED.

3)      The clerk is respectfully directed to enter judgment, based upon

this determination, DISMISSING plaintiff's complaint in its entirety.

_____

David E. Peebles
U.S. Magistrate Judge

Dated:      January 7, 2014
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
JUSTINE GUERRA,


vs.                                    13-CV-1215

COMMISSIONER OF SOCIAL SECURITY.
-------------------------------------------------x

Transcript of DECISION held on

December 12, 2014, at the James Hanley U.S. Courthouse,

100 South Clinton Street, Syracuse, New York, the

HONORABLE DAVID E. PEEBLES, Presiding.



A P P E A R A N C E S

For Plaintiff:        MARK A. SCHNEIDER, ESQ.
(Via Telephone)       57 Court Street
                      Plattsburgh, New York 12901

For Defendant:        SOCIAL SECURITY ADMINISTRATION
(Via Telephone)       Office of Regional General Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York 10278
                        BY:  LAUREN E. MYERS, ESQ.

1          (In chambers, via telephone:)

2          THE COURT:  I have before me an application by the

3  plaintiff to set aside a commissioner's determination of no

4  disability under 42, United States Code, Section 405(g).

5          The background in this case is as follows:  The

6  plaintiff was born in September of 1969 and is currently 45

7  years of age.  She was 42 at the time of the administrative

8  hearing in this matter.

9          She lives in Ticonderoga, New York with her son,

10  her son's father, her son's wife and her daughter-in-law.

11  She last worked in July of 2010 as an attendant/supervisor in

12  a laundromat.  She also has prior work history as a cashier,

13  a census taker and having responsibility for school

14  fundraisers.  She has an associates degree in business

15  management.

16          She stopped working due to pain in her lower back

17  and legs, according to her testimony, and has been drawing or

18  was drawing since then unemployment benefits.

19          She has been taking online courses through a

20  New York 599 program.

21          She suffers from diagnosed conditions including

22  obesity.  She is 4 foot 9 and was 205 pounds, plus or minus,

23  although had been as high as 258 pounds.  She suffers from

24  back and neck pain radiating down her legs, diabetes, sleep

25  apnea, polycystic ovary syndrome -- or POS -- and depression,

1   although she has not undergone any treatment for depression.

2         She is on various medications, including Vicodin

3   and Wellbutrin®, which she was on initially to stop smoking

4   or help her stop smoking but at the direction of her treating

5   physician, continued with Wellbutrin®.

6         She applied on July 15, 2010, for disability

7   insurance benefits and on the following day for SSI benefits

8   alleging a disability onset date of July 7, 2010.

9         A hearing was conducted by administrative law judge

10   or ALJ Michelle Marcus on April 12, 2012.  ALJ Marcus

11   rendered a decision on August 14, 2012.  The Social Security

12   Administration Appeals Council denied review on September 17,

13   2013.

14         In her decision, ALJ Marcus first noted that the

15   plaintiff was insured through December 31, 2015, and had not

16   engaged in substantial gainful activity since July 7, 2010.

17         She found that the plaintiff suffers from several

18   severe –– at step two –– impairments, including cervical and

19   lumbar degenerative disc disease, sleep apnea, asthma,

20   diabetes, and obesity.  She noted at step two that plaintiff

21   had never been diagnosed formally and treated for depression

22   or any other mental disorder.

23         At step three she considered several listings,

24   including 1.04, and rejected that because there was no

25   evidence of nerve root compromise.  She considered 3.03 and

1  3.10 with regard to asthma and 9.00 in connection with

2  diabetes and found that plaintiff's condition did not meet or

3  medically equal any of those listings.

4        In terms of residual functional capacity, the ALJ

5  concluded that plaintiff retains the ability to perform

6  sedentary work as defined by regulations, except that, while

7  she can lift and carry 10 pounds occasionally and stand or

8  walk for up to two hours total and sit for up to a total of

9  six hours in an eight-hour workday, she must avoid

10  concentrated exposure to respiratory irritants and avoid

11  exposure to vibrations.

12        In arriving at that determination, she did consider

13  the plaintiff's credibility and concluded that, although she

14  does suffer from impairments that could cause the symptoms

15  complained of, her testimony was not entirely credible and

16  went through an analysis at Page 27 of the record concerning

17  that.

18        At step four she concluded that plaintiff is

19  capable of performing her past relevant work as a school

20  fundraiser consultant but went on at step five to conclude,

21  in any event, that, first, plaintiff's non-exertional

22  limitations have little or no effect on the job base on which

23  the grids are predicated and concluded, using Rule 201.28,

24  that she is not disabled.

25        As you know, the scope of review is extremely

1    generous.  I am tasked with determining whether the correct

2    legal standards were applied and whether the decision is

3    supported by substantial evidence.  The courts, including the

4    Supreme Court, have defined "substantial evidence" as such

5    relevant evidence as a reasonable mind might accept as

6    adequate to support a conclusion.

7            In this case it's clear to me that the ALJ's

8    decision is supported by substantial evidence.  She

9    considered the combination of plaintiff's impairments and the

10   limitations associated with them.  There really isn't any

11   evidence from a medical source in the record that is contrary

12   to the RFC finding.

13           I know that plaintiff has suggested that nurse

14   practitioner Wilkinson does not believe she can work but at

15   Page 432, nurse practitioner Wilkinson stated that plaintiff

16   has no limitation in sitting.  She does say that she is

17   limited in her ability to lift, carry, stand and walk but was

18   not able to specifically quantify those limitations.

19           There is, as plaintiff noted in the brief, an

20   indication at Page 438 that nurse practitioner Wilkinson,

21   quote, "gave the plaintiff a note for work" but there's no

22   indication there as to what that note said, whether it said

23   light duty only, whether it said she can't work at all, but

24   in that same notation, she indicated that the plaintiff was

25   not in acute distress and was ambulating normally.

1          The consultative report of Dr. Welch supports the

2     ALJ's decision.  Dr. Welch concluded at Page 547 by stating,

3     the reality is that physically, she -- meaning the

4     plaintiff -- has few limitations.  Dr. Welch's report

5     supports the RFC in all respects.

6          The commissioner's determination is also supported

7     by nurse practitioner Wilkinson's notes.  Dr. Paolano's

8     report, albeit that dates back a couple years, he found

9     normal range of motion, for example.  Dr. Welch found

10    basically normal range of motion with some limitation but a

11    negative leg raise.  Dr. Greenspan's consultative report also

12    supports the ALJ.

13         Clearly, obesity is an issue.  But there is nothing

14    from anyone, including the consultative reports and nurse

15    practitioner Wilkinson, that suggests that the obesity, in

16    combination with the degenerative disc disease, poses a

17    limitation that is inconsistent with the residual functional

18    capacity.  So the nurse practitioner Wilkinson, for example,

19    already indicated at 438, also 440, indicates that plaintiff

20    has no acute distress and ambulates normally.

21          Certainly the ALJ is obligated to make a

22    credibility assessment and adequately explain it.

23         I reject the notion that the finding has to be

24    supported by clear and convincing evidence.  I think what the

25    cases say is that it needs to be clearly explained.

1         At Page 27 I think the ALJ did a minimally good job

2 at explaining her rationale.  She went through several

3 factors, including the receipt of unemployment benefits and

4 the certification she's willing to work, the time she spent

5 taking online courses, her ability to sit for extended

6 periods and ambulate normally, her ability to take care of

7 her personal needs and shop, prepare meals, drive, keep

8 appointments, use of the computer, watching television.  So I

9 think that that was adequately explained and is supported by

10 substantial evidence.

11         I know the plaintiff has raised questions about the

12 new evidence submitted to the Social Security Appeals

13 Council.  It was, in my view, considered and it does not

14 undermine the ALJ's determination.

15         The fact of the matter is that it was plaintiff's

16 burden at step four to establish that she cannot perform work

17 as a school fundraiser and she failed to carry that burden.

18         There's no question in my mind that the plaintiff

19 suffers from several diagnosed conditions and that her back

20 condition is progressively worsening, there is no doubt, and,

21 ultimately, she may become disabled.  But my task is

22 determining whether as of the date of the ALJ's decision she

23 was disabled and I find substantial evidence supports the

24 conclusion that she was not.

25         So I will award judgment on the pleadings to the

1   defendant.

2           I'll send out a short form order shortly.

3           Thank you both for excellent written and oral

4   presentations.  Happy holidays.

5           MS. MYERS:  Thanks, your Honor.

6           MR. SCHNEIDER:  Thank you.

7           (Proceedings were adjourned.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T I O N

I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

*Diane Martens*
_____

DIANE S. MARTENS, FCRR